The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to your request for an opinion regarding alcohol consumption on the premises of a particular business in Grant County, Arkansas. You have set forth the following set of facts:
 Grant County is a dry county and the business is a race track which is accessible to the public through paid admissions. No alcoholic beverages are sold or permitted on the premises during the hours that the track is open to the public. However, the owner of the race track has given the drivers and their pit crews permission to consume alcohol on the track premises after the track has closed and the public no longer has access to the property.
Your specific question in this regard is as follows:
 Does the owner of the track have the legal authority to grant permission or authorize these persons to consume alcoholic beverages on these premises under these conditions?
It is my opinion, as a general matter, that the answer to this question is in all likelihood "yes," assuming that the property owner is not engaged in any practices that would be violative of the prohibitions involving liquor sales in a dry territory. See, e.g., A.C.A. §§ 3-8-209(a) (1987) (stating that "[i]t shall be unlawful for any person, firm, or corporation to manufacture, sell, barter, loan, or give away intoxicating liquor . . ." in any dry county) and 3-8-209(c) (prohibiting the furnishing of a "house, room, wagon, vehicle, or any conveyance or thing in which intoxicating liquor is manufactured or sold, bartered, loaned, or given away . . ." in violation of the local option law). See also
A.C.A. §§ 3-8-311 and -312 (1987).
Reference should also be made to the prohibitions under A.C.A. § 3-3-301et seq. (1987) involving "possession" of alcoholic beverages in a dry county. Section 3-3-306(a) states that no person, firm, or corporation shall "possess more than one (1) gallon of spirituous, vinous, or malt liquors other than beer" in any such county. Possession of more than one case of beer (three gallons) is prohibited under Section 3-3-307. Seealso A.C.A. § 3-3-309 (prohibiting the procurement of liquor for another). Any issues involving the tract owner's "possession" of the alcohol for purposes of these sections will, of course, require factual determinations that are not within the scope of an opinion from this office. And as you know, penal provisions such as these are strictly construed and "[n]o thing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant."Bennett v. State, 252 Ark. 128, 477 S.W.2d 497 (1972).
You have not suggested, under the facts outlines in your correspondence, that these prohibited practices are implicated in this instance. Reference should, however, be made to these provisions when considering all of the surrounding facts and circumstances. The prohibition against maintaining a "public nuisance" (A.C.A. § 16-105-204 (1987)) should perhaps also be noted in this regard. See generally Alston v. State,216 Ark. 604, 226 S.W.2d 988 (1950). Again, however, any determinations in this regard will be intensely factual in nature.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh